

**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
November 25, 2014 12:33

By: APARESH PAUL 0077119

Confirmation Nbr. 294789

PATRICK T. CARNER

vrs.

CITY OF CLEVELAND, OHIO, ET AL.

CV 14 836461

**Judge:**

MICHAEL E. JACKSON

Pages Filed: 14

IN THE COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| PATRICK T. CARNER,<br>Prisoner #A640823<br>Mansfield Correctional Institution<br>Ohio Department of Rehabilitation and<br>Correction<br>1150 North Main Street<br>Mansfield, Ohio 44901<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF CLEVELAND, OHIO<br>c/o Barbara A. Langhenry<br>Director of Law<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114<br><br>And<br><br>SGT. TERRY SHOULDERS, P.O. #<br>9931,<br>SGT. THOMAS SHOULDERS, P.O.<br>#0666,<br>DETECTIVE LANDRAU, P.O. #1636<br>Individually and in their Official<br>Capacities as Officers, Sergeants and/or<br>Detectives for the City of Cleveland<br>Police Department<br>c/o Cleveland Police Department<br>1300 Ontario Street<br>Cleveland, Ohio 44113<br><br>And<br><br>MICHAEL McGRATH, Individually and<br>in his Official Capacity as Former Chief<br>of Police for the City of Cleveland<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114 | CASE NO.:<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>**Jury Demand Endorsed Hereon** |

|  |  |
|---|---|
| And | ) |
|  | ) |
| CALVIN WILLIAMS in his Official | ) |
| Capacity as Chief of Police for the City of | ) |
| Cleveland | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44114 | ) |
|  | ) |
| And | ) |
|  | ) |
| DIRECTOR MARTIN FLASK, | ) |
| Individually and in his Official Capacity | ) |
| as Former Safety Director for the City of | ) |
| Cleveland | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44114 | ) |
|  | ) |
| Defendants. |  |

Plaintiffs, Patrick T. Carner, for his complaint against Defendants City of Cleveland, Sgt. Terry Shoulders, Sgt. Thomas Shoulders, Detective Landrau, former City of Cleveland Police Chief Michael McGrath, former City of Cleveland Director of Safety Martin Flask, and City of Cleveland Police Chief Calvin Williams, states as follows:

### INTRODUCTION

1. Plaintiff Patrick T. Carner brings this civil action against Defendants City of Cleveland Terry Shoulders, Thomas Shoulders, Detective Landrau, Michael McGrath, Martin Flask and Calvin Williams for damages under 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiff's rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

2. Plaintiff Patrick T. Carner was arrested on November 29, 2012 in Cleveland, Ohio. When confronted by officers for the City of Cleveland Police Department, Plaintiff Carner

2

immediately surrendered and lay himself on the ground face-down when he was handcuffed and fully restrained. At all times Plaintiff Carner was compliant and unresisting.

3. After Plaintiff was handcuffed and fully restrained, the arresting officer brought him to his feet. Immediately thereafter, Defendants Thomas and Terry Shoulders and Defendant Landrau arrived on the scene.

4. One or more of Defendant Landrau, Terry Shoulders or Thomas Shoulders seized Mr. Carner and yelled to him: "why did you make me chase you you little nigger." One or more of these Defendants dragged him approximately ten paces and slammed him head first on the trunk of a police cruiser.

5. Plaintiff was then shoved him into the back of the police cruiser.

6. Once Plaintiff was in the police cruiser, restrained and posing no risk to anyone, Defendant Terry Shoulders or Defendant Thomas Shoulders opened the car door unleashed a profane and racial epithet ridden tirade:

| | |
|---|---|
| Shoulder: | Hey, you dumb nigger, how are you? Here's your fucking running (inaudible) you piece of shit. You fucking animal. |
| Carner: | Hello? |
| Shoulders: | You should die you fucking nigger, you understand me? |
| Carner: | Yeah. |
| Shoulders: | You're a fucking nigger. You're an animal. (Inaudible) tape recorder, there ain't no fucking tape recorder here. |

7. While repeatedly calling Plaintiff a "nigger" and an "animal," Defendant Terry Shoulders or Thomas Shoulders proceeded to punch Plaintiff repeatedly in the face, torso and groin.

8. The excessive and unnecessary use of force borne of racial animus and spite suffered by Plaintiff constitute violations of his Fourth and/or Fourteenth Amendment rights under the United States Constitution.

### PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Patrick T. Carner ("Carner" or "Plaintiff") is an individual, residing as an inmate in the Mansfield Correctional Institution in Richland County, Ohio.

10. Defendant Terry Shoulders is, and at all times relevant hereto was, a natural person, a Sergeant for the City of Cleveland Police Department (P.O #9331), and a "peace officer" within the meaning of O.R.C. § 2935.01(B), residing in Cuyahoga County, Ohio. For each and every act or omission set forth herein, Terry Shoulders was acting and operating under color of law at all pertinent times and is being sued here in both his official and his individual capacities.

11. Defendant Thomas Shoulders is, and at all times relevant hereto was, a natural person, a Sergeant for the City of Cleveland Police Department, and a "peace officer" within the meaning of O.R.C. § 2935.01(B), residing in Cuyahoga County, Ohio. For each and every act or omission set forth herein, Thomas Shoulders was acting and operating under color of law at all pertinent times and is being sued here in both his official and his individual capacities.

12. Defendant Detective Landrau ("Detective Landrau") is, and at all times relevant hereto was, a natural person, a Detective for the City of Cleveland Police Department, and a "peace officer" within the meaning of O.R.C. § 2935.01(B), residing in Cuyahoga County, Ohio. For each and every act or omission set forth herein, Detective Landrau was acting and operating under color of law at all pertinent times and is being sued here in both his official and his individual capacities.

13. Defendant Michael McGrath ("Chief McGrath") is a natural person and, at all times relevant hereto, was Chief of Police for the City of Cleveland Police Department, and a "peace officer" within the meaning of O.R.C. § 2935.01(B), residing in Cuyahoga County, Ohio. For each and every act or omission set forth herein, Chief McGrath was acting and operating under color of law at all pertinent times and is being sued here in both his official and his individual capacities. In February 2014, Chief McGrath was promoted to the position of Director of Safety for the City of Cleveland and no longer held the post of Chief of Police.

14. Defendant Calvin Williams ("Chief Williams") is, and at all times relevant hereto was, a natural person, Chief of Police for the City of Cleveland Police Department as of February 2014, and a "peace officer" within the meaning of O.R.C. § 2935.01(B), residing in Cuyahoga County, Ohio. For each and every act or omission set forth herein, Chief Williams was acting and operating under color of law at all pertinent times and is being sued only in his official capacity.

15. Defendant Martin Flask ("Director Flask") is a natural person and, at all times relevant hereto, was Director of Safety for the City of Cleveland for each and every act or omission set forth herein, Director Flask was acting operating under color of law at all pertinent times and is being sued here in both his official and his individual capacities. Director Flask held the position of Director of Safety until February 2014.

16. Defendant City of Cleveland is, and at all times relevant hereto was, an Ohio Municipal Corporation under the applicable laws of the State of Ohio and a "person" within the meaning of 42 U.S.C. § 1983.

17. This Court, as a state court of general jurisdiction under Article IV, § 4 of the Ohio Constitution, has concurrent jurisdiction with federal courts over Plaintiff's 42 U.S.C. §§ 1983 and 1988 claims.

18. Venue is proper under Civ. R. 3(B)(1), (3), (4) and (6).

## STATEMENT OF FACTS

19. On November 29, 2012, Defendants Thomas and Terry Shoulders and Defendant Landrau sought to arrest Plaintiff.

20. Defendants searched for Plaintiff in the neighborhoods in the near west side of Cleveland, Ohio on or around West 117th Street.

21. Earlier that day these or other officers of the Cleveland Police Department found Plaintiff's then-girlfriend and expressly threatened to take away custody of her young child if she did not tell Defendants where Plaintiff could be found.

22. In response to Defendants' threats to take her child away, she told Defendants that Plaintiff was in her residence.

23. Upon receiving this information, Defendants stormed the house in search of Plaintiff.

24. Plaintiff had left the premises through the rear entrance. He climbed the rear fence and proceeded to Headley Avenue only to find Cleveland Police waiting for him.

25. Plaintiff was not armed, did not pose any threat to any of the Defendants, himself or any other person and immediately surrendered by laying himself face-down on the driveway. Plaintiff was immediately handcuffed and restrained.

26. Within moments, Defendants Landrau, Thomas Shoulders and Terry Shoulders arrived on the scene. One or more of these Defendants yelled at Plaintiff, berated him by calling

him a "nigger," and screamed: "why did you make me chase you you little nigger!" Plaintiff was then dragged to the police cruiser and slammed head first on the trunk of the car. At all times Plaintiff Carner was not resisting, was compliant, handcuffed and restrained.

27. After slamming Plaintiff on the trunk of the police cruiser, one or more of Defendants Landrau, Terry Shoulders or Thomas Shoulders shoved him into the right rear seat of the vehicle.

28. When in the police cruiser, Plaintiff was able to retrieve his cell phone and attempted to phone his mother to tell her that he had been arrested.

29. Within seconds, Defendant Terry Shoulders or Thomas Shoulders opened the rear right door and entered the police cruiser. Plaintiff was able to drop the cell phone between his legs. One of these Defendants verbally berated Plaintiff with profanities and racial epithets, repeatedly screaming, among other things: "You're an animal" and "You're a nigger." Paragraph Four above states the recorded portion of Defendant Shoulder's tirade.

30. Plaintiff looked to the front of the police cruiser to see whether there was a dashboard camera or other device to record the events occurring in the vehicle. Defendant Terry or Thomas Shoulders told Plaintiff that there was no tape recorder in the police cruiser to record or document anything. He then immediately began to beat Plaintiff repeatedly. Shoulders punched Plaintiff in the right side of his face, as well as on the right side of his torso and in his groin. At all times Plaintiff was restrained in handcuffs, compliant and not resisting.

31. Plaintiff's phone call to his mother went to voicemail and a portion of Defendant Shoulder's racist and profane beratement and racially motivated beating was recorded.

32. When on route to booking, the police cruiser in which Plaintiff was held was following the police cruiser Defendant Landrau and/or Defendant Thomas Shoulders.

33. Both vehicles stopped at an auto body shop on West 140th Street to pick up another suspect.

34. One of Defendants Landrau, Thomas Shoulders or Terry Shoulders placed the new suspect in the rear left of the vehicle and came around and opened the rear right door where Plaintiff was sitting.

35. On of Defendants Landrau, Thomas Shoulders or Terry Shoulders noticed the cell phone between Plaintiff's legs. That officer screamed to Plaintiff that he was a "dumb mother fucker" and began to beat him. He punched Plaintiff in the torso, grabbed the cell phone and threw it on the ground, breaking it into pieces, then threw away the phone so it could not be located or retrieved. At all times, Plaintiff remained handcuffed, compliant, restrained and not resisting. Plaintiff believes only the battery to the phone was retained.

## COUNT ONE
(42 U.S.C. §1983 – Fourth and/or Fourteenth Amendment Excessive Force)

36. Plaintiff incorporates and restates each and every preceding statement in this Complaint as if expressly and fully realleged herein.

37. Defendants in administering repeated blows to Plaintiff's face, torso and groin when Plaintiff was otherwise handcuffed, restrained, compliant, not resisting and posing no risk to himself, law enforcement personnel or any other person constituted the use of excessive force in connection with his arrest, detainment and custody. These acts were in violation Plaintiff's right to be free from excessive force under of the Fourth and Fourteenth Amendments of the United States Constitution.

38. At all relevant times, Defendants knew the force used against Plaintiff described in this Complaint was unlawful, excessive, unnecessary, without any law enforcement purpose and would cause injury to the Plaintiff.

39. As a direct and proximate result of Defendants' unconstitutional and excessive use of force, Plaintiff has been caused to suffer pain, discomfort, intimidation, harassment and injuries compensable at law.

## COUNT TWO
(42 U.S.C. §1983 – Fourteenth Amendment Equal Protection)

40. Plaintiff incorporates and restates each and every preceding statement in this Complaint as if expressly and fully realleged herein.

41. Defendants' administration of excessive force in the course and scope of Plaintiff's arrest, detainment and custody were motivated by racial spite and animus and constitute disparate and unequal treatment for otherwise similarly situated persons on the basis of race alone.

42. Plaintiff Carner is African-American and, accordingly, is a member of a protected class under the Fourteenth Amendment of the United States Constitution.

43. Plaintiff, as a free person sought by officers, an arrestee and when in custody of Defendants in the police cruiser, was treated in a manner inconsistent with other persons similarly situated. Defendants acted with an intent and/or purpose to discriminate against Plaintiff Carner on the basis of his being an African-American.

44. In repeatedly calling Plaintiff a "nigger," screaming that he was an animal because he was an African-American, that because Plaintiff was a "nigger," he should die and thereon being repeatedly punched, the Defendants' conduct and use of force demonstrated adversely differential treatment to Plaintiff Carner on the basis of his race and racial animus directed to him as an African-American.

45. As a result of Defendants' racially motivated conduct and beating, Plaintiff was deprived of equal protection and subject to unequal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

46. As a result, Plaintiff was caused to suffer pain, discomfort, unlawful intimidation, harassment and injuries compensable at law.

## COUNT THREE
(42 U.S.C. §1983 - Failure to Train and/or Supervise)

47. Plaintiff incorporates and restates each and every preceding statement in this Complaint as if expressly and fully realleged herein.

48. At all relevant times, Defendants the City of Cleveland, McGrath and Flask were responsible and duty bound sufficiently to train and supervise employees of the Cleveland Police Department, including Defendants Terry Shoulders, Thomas Shoulders and Detective Landrau, to avoid the use of excessive force and to avoid unequal and disparate treatment on the basis of race.

49. The City of Cleveland, McGrath and Flask have knowingly failed, either sufficiently or at all, to train and/or supervise Defendants Landrau, Terry Shoulders and Thomas Shoulders, and all officers of the Cleveland Police Department, regarding the permissible and excessive use of force and equal treatment of citizens, arrestees, suspects and detainees irrespective of race.

50. This failure to train and/or to supervise sufficiently or at all constitutes deliberate indifference to the rights under the laws of the United States and those rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

51. Defendants City of Cleveland, McGrath, Flask and Williams knew and/or had constructive knowledge (and continue to know and/or had constructive knowledge) that

Defendants Landrau, Thomas Shoulders and Terry Shoulders were incompetent when performing duties attendant to an arrest, particularly as to the arrest of an African-American, that these Defendants routinely violated departmental policies and clearly established law with respect to the use of force and equal treatment of African-Americans and, were not adequately and sufficiently supervised, trained and/or disciplined during their tenure with the City of Cleveland Police Department prior to the November 29, 2012 encounter with Plaintiff.

52. Defendants the City of Cleveland, McGrath and Flask acted with deliberate indifference with respect to the consequences of their individual and collective failures to supervise and/or to train, thereby establishing and maintaining a policy, practice and/or custom granting officers of the Cleveland Police Department, including Defendants Landrau, Thomas Shoulders and Terry Shoulders, unchecked and unfettered discretion and ability with respect to how to treat equally all members of the citizenry and the use of force, including, specifically, the use of excessive and unreasonable force and disparate treatment on the basis of race as Plaintiff was forced to endure.

53. As a result of Defendants' failure to train and/or to supervise, Plaintiff was caused to suffer pain, discomfort, intimidation, harassment and injury compensable of law.

### COUNT FOUR
(42 U.S.C. §1983 - *Monell* Claim for Custom and/or
Practice of City of Cleveland as Moving Force Behind Excessive Force
and Racially Based Unequal and a Disparate Treatment)

54. Plaintiff incorporates and restates each and every preceding statement in this Complaint as if expressly and fully realleged here in.

55. There is a custom and practice in the City of Cleveland's Police Department of using excessive force against the citizenry and/or suspects in the course of an arrest and upon arresting and placing into custody the arrested party. Alternatively, there is a custom and

practice in the City of Cleveland's Police Department of knowing, intentional and deliberate indifference and disregard of the use of excessive force by officers against the citizenry and/or suspects in the course of an arrest and placing into custody the arrested party.

56. There is a custom and practice in the City of Cleveland's Police Department of unequal and disparate treatment against the African-American citizenry and/or suspects in the course of an arrest and the placement into custody of an African-American arrestee.

57. In the alternative, there exists a custom and practice of knowing, intentional and deliberate indifference and disregard to the disparate and unequal treatment of the African-American citizenry and/or suspects in the course of an arrest and the placement into custody of an African-American arrestee.

58. The above-described customs and practices extended to the indiscriminate, excessive and unconstitutional use of force against Plaintiff Carner while he was handcuffed, restrained, unresisting and compliant in the back seat of the police cruiser.

59. The above-described customs and practices extended to and ultimately caused the racially motivated beatings endured by Plaintiff Carner while he was handcuffed, restrained, unresisting and compliant in the back seat of a police cruiser.

60. As a result of the above-described customs and practices of the City of Cleveland's Police Department, Plaintiff was caused to suffer pain, discomfort, unlawful intimidation, harassment and injuries compensable of law.

## COUNT FIVE
(Negligent, Reckless and/or Intentional Retention under Ohio Law)

61. Plaintiff incorporates and restates each and every preceding statement in this Complaint as if expressly and fully realleged herein.

62. Defendants City of Cleveland, McGrath, Flask and Williams knew and/or had constructive knowledge (and continue to know and/or had constructive knowledge) that Defendants Landrau, Thomas Shoulders and Terry Shoulders were incompetent when performing duties attendant to an arrest, particularly as to the arrest of an African-American, that these Defendants routinely violated departmental policies and clearly established law with respect to the use of force and equal treatment of African-Americans and, were not adequately and sufficiently supervised, trained and/or disciplined during their tenure with the City of Cleveland Police Department prior to the November 29, 2012 encounter with Plaintiff.

63. The City of Cleveland, McGrath, Flask and Williams knew or should have known that the continued employment and retention of Defendants Landrau, Terry Shoulders and Thomas Shoulders would result in the excessive force against the general public and suspects in the course of an arrest, particularly against African-American individuals.

64. The City of Cleveland, McGrath, Flask and Williams were and continue to be either negligent and/or acted willfully, wantonly, recklessly, intentionally and/or maliciously in continuing to retain and employ these Defendants as officers of the City of Cleveland Police Department. As a result of their continued retention and employment, Plaintiff was caused to endure excessive force and racially motivated beatings, when otherwise restrained, compliant and unresisting, resulting in pain, discomfort, unlawful intimidation, harassment and injuries compensable at law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages in an amount to be determined at trial, but in excess of $25,000 as to each claim for relief and as to each Plaintiff;

2. Punitive damages in an amount to be determined at trial for the wrongful acts complained of;

3. Costs and disbursement incurred in connection with this action, including reasonable attorneys' fees, whether under 42 U.S.C. §1988 or otherwise, expert witness fees and other costs;

4. Interest, including pre-judgment interest, to the extent available under applicable laws; and,

5. Such other and further damages and relief as the Court deems just and proper.

Respectfully submitted,

/s/ Aparesh Paul
Joel Levin           (0010671)
Aparesh Paul         (0077119)
Mark Mikhaiel        (0091656)
Levin & Associates Co., L.P.A.
1301 East 9th Street, Suite 1100
Cleveland, Ohio 44114
(216) 928-0600 (telephone)
(216) 928-0016 (facsimile)
jl@levinandassociates.com
ap@levinandassociates.com
mm@levinandassociates.com

Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all the issues so triable.

/s/ Aparesh Paul
Aparesh Paul         (0077119)
*One of the Attorneys for Plaintiffs*