**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK T. CARNER, | ) | CASE NO. 1:14-CV-02820 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | **PLAINTIFF'S MOTION TO DISMISS** |
| | ) | **COMPLAINT WITHOUT PREJUDICE** |
| CITY OF CLEVELAND, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff respectfully moves this Court, under Fed. R. 41(a)(2), for an order dismissing his complaint without prejudice. In pertinent part, Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Plaintiff attempted, albeit mistakenly, to dismiss voluntarily his complaint, without prejudice, under Fed. R. 41(a)(1)(A)(ii). Defendants lodged a joint objection to the dismissal as they had filed an answer and this Court has since struck Plaintiff's dismissal notice. Accordingly, Plaintiff moves for dismissal without prejudice herein.

Rule 41(a)(2) empowers district courts to decide motions for dismissal without prejudice "upon such terms and conditions as the court deems proper." *Luckey v. Butler County*, Case No. 05-CV-388, 2006 U.S. Dist. LEXIS 3361,*9 (N.D. Ohio 2006). "The primary purpose of requiring court approval is to protect the nonmovant from unfair treatment in the form of plain legal prejudice. *Id*.,*9-10 (internal citations omitted).  Whether the dismissal is proper turns on a number of factors, including the "effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to dismiss, and whether a motion for summary judgment has been filed by the defendant." *Id*, quoting *Grover v. Eli Lilly & Co*., 33 F.3d 716, 718 (6th Cir.1994).  Courts in this

circuit reviewing a plaintiff's dismissal motion under Rule 41(a)(2) are consistent: "The prospect of litigating a second lawsuit, in itself, does not make dismissal under Rule 41(a)(2) improper per se. *Wakefield v. Children's Hosp., Inc*., Case No. 06-CV-1034, 2000 U.S. Dist. LEXIS 22567,*3-4 (S.D. Ohio 2009); see also *Luckey*, supra,*10; *Grover*, supra at 718. "While Defendant would potentially suffer a modicum of prejudice from having to respond to a new complaint in the future, this prejudice does not constitute plain legal prejudice. The prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss." *Fajfar v. Cleveland Electric Illuminating Co*., Case No. 11-CV-2524, 2012 U.S. Dist. LEXIS 40496,*10 (N.D. Ohio 2012).

Circumstances sufficient for a court to exercise its discretion to deny a motion to dismiss without prejudice are where the dismissal would be "manifestly prejudicial to the defendant" or result in "substantial legal prejudice" or where granting the motion would infringe on "the legal or equitable rights of the defendant as shown by circumstances and facts conceded or undisputed." *Id*.,*10, citing *B&J Mfg. Co. v. D.A. Frost Industries, Inc*., 106 F.R.D., 351, 352 (N.D. Ohio 1985) (internal quotations omitted). Those draconian consequences are conspicuously absent here.

Presently, Plaintiff is incarcerated in the Mansfield Correctional Institution and is not due for release until November 2016. Undersigned counsel has not been able sufficiently to consult with Plaintiff on discovery matters, particularly relative to matters concerning his deposition imminently sought by one or more of the Defendants. Being so hamstrung prejudices Plaintiff's ability to consult with counsel and be properly prepared for, most immediately, deposition and thereafter trial preparation.

Next, it is undisputed that no Defendant has filed a motion for summary judgment, or any motion, for dismissal or otherwise, touching in any way the merits of Plaintiff's §1983 claim.

Further, there has been no excessive delay nor lack of diligence on Plaintiff's part in pursuing this case. Plaintiff has timely sought written discovery and served requests for production of documents. Plaintiff, through counsel, participated in this Court's pretrial conference on February 27, 2015 and, further, participated in the telephone status conference held on June 24, 2015. Next, in attempting to have filed his claims against proper parties, Plaintiff moved to amend the complaint, seeking to dismiss some Defendants and include as party Defendants others mistakenly not named in the original pleading. Thus, it is beyond doubt that Plaintiff has been diligent in the pursuit of his claims and there has been no real delay in doing so, let alone any excessive delay sufficient to deny this motion.

Finally, there can be no showing of any prejudice, let alone substantial prejudice, plain legal prejudice or unfair treatment of or to Defendants. Should Plaintiff wish to refile, the prospect of litigating this case again is insufficient to meet this high burden. Further, there have been no rulings on the merits on the case; moreover, no Defendant, whether by motion or otherwise, has not sought any rulings on the merits of the case. No dispositive motion has been filed. Trial has not been scheduled. Moreover, "all of the discovery taken [in this case] should be applicable to the case if it were, [in fact] refiled. *Chrissos v. Giant Eagle Markets Co.*, Case No. 03-CV-422, 2006 U.S. Dist. LEXIS 63934,*9 (S.D. Ohio 2006). In the event of refiling, the discovery would still need to be produced. Therefore, any time and expense of Defendants would be of use in any re-filed case; thus, there would be no prejudice whatsoever.

Cases where courts have denied motions to dismiss without prejudice under rule 41(a)(2) concerned circumstances far more egregious than those that exist here. For example, the Sixth

Circuit held that the trial court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal where:

> Discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his motion, and plaintiff's explanation of his need for the dismissal is convoluted. Furthermore, the plaintiff acted in bad faith during the discovery process.

*Wakefield*, 2009 U.S. Dist. LEXIS 22567,*4-5, citing *Maldonado v. Thomas M. Cooley Law School*, 65 Fed. Appx. 955, 957 (6th Cir. 2003). Nothing of the sort exists here. In *Grover*, supra, the Sixth Circuit found that granting a dismissal request without prejudice was an abuse of discretion where before the dismissal, the Ohio Supreme Court had indicated that the plaintiffs therein had no opportunity to prevail on the merits. *Grover*, 133 F.3d at 719. The *Grover* court concluded that "at the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id*. at 719. There is no such intervening change in the law here. From time immemorial, 42 U.S.C. §1983 has provided a vehicle for civil rights claimants to pursue claims of excessive force against police officers.

In summary, there has been no excessive delay or lack of diligence by the Plaintiff in pursuing this claim; Defendants have filed no summary judgment motion or any motion seeking dismissal or other substantive ruling on the merits of Plaintiff's claims; and as discovery is not expired, no depositions taken, no trial scheduled there can hardly be a showing of any significant time, effort or expense incurred for trial preparation. Moreover, whatever may constitute Defendants' document production would be relevant, useful and hardly a waste of time, should the case be refiled. The factors to be considered by this Court, as set forth in *Wakefield* and *Luckey*, in determining whether to grant Plaintiff's motion to dismiss without prejudice all,

without fail, weigh in favor of the Plaintiff. Defendants cannot demonstrate plain legal prejudice, unfair treatment or, in reality, any prejudice whatsoever should this Court dismiss this matter without prejudice.

For these reasons, under *Luckey, Wakefield, Chrissos* and *Fajfar* (attached in Ex. A) Plaintiff respectfully requests that this Court grant the instant motion, dismissing Plaintiff's complaint without prejudice under Fed. R. 41(a)(2).

Respectfully submitted,

s/ Aparesh Paul
Joel Levin          (0010671)
Aparesh Paul      (0077119)
Mark M. Mikhaiel (0091656)
LEVIN & ASSOCIATES CO., L.P.A.
1301 East 9th Street
Suite 1100, Tower at Erieview
Cleveland, Ohio 44114
(216) 928-0600 – Tel.
(216) 928-0016 – Fax
jl@levinandassociates.com
ap@levinandassociates.com
mm@levinandassociates.com

Attorneys for Plaintiff

## SERVICE

The Plaintiff's Motion to Dismiss Complaint Without Prejudice was filed electronically on this 15th day of October 2015. Notice of this filing will be sent via the Court's Electronic Filing System. Parties may access this filing through the Court's system.

/s/ Aparesh Paul
Aparesh Paul                    (0077119)
One of the Attorneys for Plaintiff