IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK T. CARNER, | ) | CASE NO. 1:14-CV-2820 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | DEFENDANTS' JOINT BRIEF IN |
| | ) | OPPOSITION TO PLAINTIFF'S |
| CITY OF CLEVELAND, et al., | ) | MOTION TO DISMISS |
| | ) | COMPLAINT WITHOUT |
| Defendants. | ) | PREJUDICE |

Defendants jointly oppose Plaintiff's Motion to Dismiss Complaint Without Prejudice as Plaintiff has not offered a sufficient explanation for his need to dismiss, nor has he diligently prosecuted this matter. Defendants, especially Sergeants Thomas Shoulders, Terry Shoulders and Detective Elliot Landrau have the right for this matter to be heard in an expeditious manner. Plaintiff alleges in this lawsuit that a Cleveland Police Officer punched him repeatedly while he was handcuffed in the rear of a police vehicle and was called an animal and a racial slur. In the current environment, community-police relations are highly scrutinized and allegations such as these can be extremely prejudicial to a police-defendant's reputation. If the Court grants Plaintiff's Motion to Dismiss Without Prejudice, this lawsuit will needlessly continue for another year and will continue to weigh on the individual Defendants' psyche.

**I.  AN INCARCERATED CLIENT IS AN INSUFFICIENT REASON TO DISMISS A COMPLAINT**

Plaintiff has not offered a sufficient explanation for his need to dismiss. According to *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 6th Cir. (1994), a court has discretion to deny a Plaintiff's motion to dismiss pursuant to Fed.R.41 (A)(2) by weighing the following factors: the effort and expense expended to prepare for trial, excessive delay and lack of diligence on the

part of the plaintiff in prosecuting the action, insufficient explanation for the need to dismiss and whether a motion for summary judgment has been filed by the Defendant. Plaintiff's counsel's only rationale for dismissing this Complaint is that the Plaintiff is incarcerated at Mansfield Correctional Institution and that hamstrings his efforts to consult with the Plaintiff. This is a nonsensical argument. Plaintiff has been incarcerated since March 25, 2013. This Complaint was not filed until November 25, 2014. Clearly Plaintiff's counsel drafted the Complaint while Mr. Carner was incarcerated and took on the burdens of this litigation knowing that Mr. Carner would not likely be released until November 2016. (Motion to Dismiss, ECF#29, page 2.) It would be plainly unfair to force the Defendants to undergo the burdens and stressors of anticipated litigation during the year-long savings statute, especially given that the only reason Plaintiff's counsel has for wanting to dismiss the current Complaint is that it is inconvenient for him to visit his client in prison. The very purpose of Fed.R. 41(a)(2) is to protect the non-movant from unfair treatment. Grover, 33 F.3d 718. Counsel for Defendants have repeatedly requested Plaintiff's deposition and are ready, willing, and able to travel to Mansfield Correctional Institution to depose the Plaintiff.

The District Court in Puerto Rico recently considered a similar case where a plaintiff in a wrongful death action sought a dismissal to allow her time to emotionally prepare for the toll of being deposed. The court did not find this rationale to be persuasive and cited to a Fifth Circuit court which similarly held that "[w]hen a plaintiff files any court case (…) sitting back is no option. He must be prepared to undergo the costs, psychological, economic, and otherwise that litigation entails." *Barnes-De-Laxtera v. San Jorge Children's Hosp.*, 62 F. Supp.3d 212,217 (D. Puerto Rico 2014) citing to *In re FEMA Trailer Formaldehyde Products Liab. Litigation*, 628 F.3d 157, 163 (5th Cir. 2010). Forcing the Defendants to endure an extra year of the stress of

anticipated litigation for such an insufficient rationale would be highly prejudicial to the Defendants and would reap Plaintiff little reward or relief from the burdens of litigating a complaint. This is a case that the public is aware of and therefore has the potential to damage the officers' reputations. On December 30, 2014, the Northeast Ohio Media Group published a story on Cleveland.com that discussed this case. In one day, the story had garnered 439 comments from readers. Eric Heisig, <u>Inmate Sues Cleveland Police, Alleges Excessive Force and Use of Racial Slurs During Arrest</u>, www.cleveland.com, Dec. 30, 2014, at http://www.cleveland.com/court-justice/index.ssf/2014/12/inmate_sues_cleveland_police_a.html attached as Exhibit A. See also Declaration of Counsel, Exhibit C. Plaintiff's insufficient explanation, and the impact that this litigation has on the lives of these Defendants weigh in favor of denying Plaintiff's Motion to Dismiss.

## II.    PLAINTIFF HAS NOT BEEN DILIGENTLY PURSUING THIS MATTER

This case should not be dismissed because Plaintiff has not been diligent in pursuing this litigation. This is another factor that the court must weigh in its discretionary decision to deny Plaintiff's Motion to Dismiss. Plaintiff has failed to preserve testimony in this case and has unnecessarily elongated litigation, especially for Sgt. Terry Shoulders and Detective Landrau despite evidence of their non-involvement in the alleged incident. From the outset, Plaintiff delivered initial disclosures on May 19, 2015, 49 days after their original due date, causing a slow start to litigation. Declarations of Counsel, Exhibits B and C. In contrast, the Defendants delivered their initial disclosures on March 26, 2015 and March 31, 2015. Exhibit B. Once Attorney Cortes delivered the daily duty logs of Sgt. Terry Shoulders and Detective Landrau as part of his initial disclosures, Attorney Cortes initiated discussions with Plaintiff's counsel requesting that those parties be dismissed as they were not on duty on the day of the alleged

incident. Exhibit B. Attorney Cortes discussed dismissing Sgt. Terry Shoulders and Detective Landrau at the case management conference on February 27, 2015 with Plaintiff's counsel. Exhibit B. Despite the obvious evidence, Plaintiff's counsel's inaction forced Attorney Cortes to draft a motion for sanctions, which was served to counsel on March 19, 2015 in accordance with safe harbor requirements, but never filed. Exhibit B. Regardless of being apprised of those Defendants' innocence, Plaintiff refused to dismiss the Defendants with prejudice, but instead offered a tolling agreement and to amend the Complaint. Exhibit B. Plaintiff eventually moved to amend the Complaint (ECF 18) and withdrew Defendants Terry Shoulders and Landrau as parties – but did not do so until June 8, 2015. To this day Terry Shoulders and Elliot Landrau remain parties, despite Plaintiff's understanding that they should be dismissed. Despite their acknowledged innocence, Defendants Terry Shoulders and Detective Landrau, and all Defendants, have suffered damaged reputations and the stress of litigation for the last eleven months.

    Defendants have also made two requests for Plaintiff's deposition, first on September 14, 2015 and again on October 9, 2015. Certification of Counsel, Exhibit C. Plaintiff's counsel did not meaningfully respond to these requests despite the approaching discovery deadline. Exhibit C. In contrast, Defendants offered to schedule their depositions and that of key witnesses as early as July 31, 2015, but Plaintiff never exercised his option to proceed with those depositions. Exhibit B. Plaintiff has taken a lackadaisical approach to this litigation – an approach that has directly harmed the reputations of all the Defendants, but especially of these two admittedly blameless Defendants. Furthermore, Plaintiff has strung the Defendant along through an eleven-month litigation period without preserving any testimonial discovery. It would be unfair to all Defendants to allow the Plaintiff to pause this litigation for another year before beginning the

discovery process once again.  The length of time since the alleged tort is only further diminishing the parties' and witnesses' memories of the alleged event.  Plaintiff has not been sufficiently diligent in this suit to be granted a second-chance to litigate and thereby extend the discovery period.

## III. THIS LITIGATION OFFERS UNIQUE STRESSORS WHICH THE COURT SHOULD CONSIDER WHEN RULING ON THIS MOTION.

The final factors the court should weigh in ruling on Plaintiff's Motion are nullities as, admittedly, the parties have not completed the discovery period and the Defendants have not filed a dispositive motion.  However, there is no shortage of work that has been completed in this action.  Since the Case Management Conference, counsel[1] for Defendants Terry Shoulders and Detective Landrau have had several conversations with Plaintiff's counsel requesting those Defendants' dismissal as they were not on duty on the day of the alleged event.  Exhibit B.  Furthermore, Defense counsel have been forced to respond to two motions – the Motion to Amend and the Notice of Dismissal – both of which only functioned to stall this action.

The Court should consider these unnecessary delays and the stressors of pending and anticipated litigation, especially such inflammatory litigation against members of the law enforcement community, when ruling on Plaintiff's Motion.  Plaintiff's insufficient excuse – that his incarcerated client is difficult to access – and his lack of urgency in litigating this action weigh towards denying Plaintiff's Motion to Dismiss and proceeding towards trial.  Defendants jointly and respectfully request that Plaintiff's Motion to Dismiss be denied to avoid undue prejudice to the Defendants.

---

[1] Counsel for Defendants Terry Shoulders and Detective Landrau has recently undergone several changes.  Attorney Alejandro Cortes was counsel during all discussions with Plaintiff's counsel regarding dismissal of those parties as well as drafted the Brief in Opposition to the Motion to Amend.  Attorney Victor Perez took over as counsel after that brief was filed, and he has also since withdrawn as counsel.  Current counsel is Attorney Joseph Scott.

Respectfully submitted,

| | |
|---|---|
| BARBARA A. LANGHENRY (0038838)<br>Director of Law<br><br>By: s/ Jillian L. Dinehart<br>**Jillian L. Dinehart (0086993)**<br>Assistant Director of Law<br>Room 106 - City Hall<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114<br>E-mail: jdinehart@city.cleveland.oh.us<br>(216) 664-3559<br>(216) 664-2663 (fax)<br>ATTORNEYS FOR DEFENDANT<br>THOMAS SHOULDERS | BARBARA A. LANGHENRY (0038838)<br>Director of Law<br><br>By: s/ Joseph F. Scott<br>**Joseph F. Scott (0029780)**<br>Assistant Director of Law<br>Room 106 – City Hall<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114<br>E-mail: jscott@city.cleveland.oh.us<br>(216) 664-2310<br>(216) 664-2663 (fax)<br>ATTORNEY FOR DEFENDANTS<br>CITY OF CLEVELAND, SGT. TERRY<br>SHOULDERS, DETECTIVE LANDRAU,<br>MICHAEL MCGRATH, CALVIN<br>WILLIAMS AND DIRECTOR FLASK |

## CERTIFICATE OF SERVICE

       I hereby certify that on October 29, 2015, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                       By:     /s/Jillian L. Dinehart  
                                                     Jillian L. Dinehart (0086993)  
                                                       Assistant Director of Law