**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK T. CARNER, | ) | CASE NO. 1:14-CV-02820 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | **PLAINTIFF'S REPLY IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS COMPLAINT** |
| CITY OF CLEVELAND, *et al*., | ) | **WITHOUT PREJUDICE** |
| | ) | |
| Defendants. | ) | |

Plaintiff respectfully submits this reply brief in support of his Motion to Dismiss his Complaint Without Prejudice. (Doc. No. 29).

Fed R. 41(a)(2) provides "an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper." The factors a trial court assesses to determine the propriety of the dismissal are clear and without controversy:

- Amount of time, effort and expense that defendants have incurred in trial preparation;
- Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;
- Insufficient explanation for the need to dismiss;
- Whether a defendant has filed a motion for summary judgment.

*Luckey v. Butler County*, Case No. 05-CV-388, 2006 U.S. Dist. LEXIS 3361,*9 (S.D. Ohio 2006), citing *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of requiring court approval for dismissal without prejudice under Fed. R. 41(A)(2) "is to protect the non-movant from unfair treatment" in the form of "plain legal prejudice." *Grover*, 33 F.3d at 718 (internal citations omitted). The type of "prejudice" necessary for a court to exercise its discretion to deny a motion to dismiss without prejudice has been described variously as harm "manifestly prejudicial to the defendant;" "substantial legal prejudice;" or the loss of a

"substantial right." *B&J Mfg. Co. v. Frost Industries, Inc*., 106. F.R. 351, 352 (N.D. Ohio 1985) (internal citations omitted).

Any analysis of each of the four above-described factors as well as a larger concern of plain or substantial legal prejudice to the Defendants, weighs entirely in favor of Plaintiff and, as such, this Court should grant Plaintiff's Motion to Dismiss the Complaint Without Prejudice.

Without dispute, one factor weighs entirely in Plaintiff's favor. Defendants have not filed any sort of motion on the merits, whether dispositive or otherwise, whether under Rule 12 or 56, asserting any of a number of defenses or to dismiss altogether Plaintiff's case. This is not a "nullity" as Defendants claim. Rather, this factor goes to the heart of the concept of plain legal prejudice or substantial legal prejudice. Denial of a dismissal motion without prejudice may be appropriate where a motion for summary judgment is pending and the non-movant seeks to avoid a ruling under Rule 56 that would otherwise dispose of the case by filing an improvident Rule 41 motion to dismiss without prejudice. See *Pace v. Southern Express Co*., 419 F.2d 331 (7th Cir. 1969). In *Pace*, denying plaintiff's motion to dismiss without prejudice was appropriate in part because the plaintiff "has failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic." *Id*., at 334. In such a circumstance, there is a well-placed assertion of plain or substantial legal prejudice because dispositive arguments were proffered and the Rule 41 dismissal request was nothing other than an attempt to avoid a response and, potentially, a granted dismissal on the substance or merits of the claim.

Importantly, that specter does not exist here. There is, of course, no dispute that no defendant has moved for summary judgment, let alone sought disposition on any matter touching on the substance or merits of the case. Thus, there is no way the Defendants can claim that they

have suffered legal prejudice, let alone plain legal prejudice or substantial legal prejudice. The contrary is true. That is, upon dismissal without prejudice, in the event the case is refiled, each Defendant continues to retain, without exception, each and every defense, substantive or otherwise, that it has today. In fact, Defendants would have more defenses available. If there is a refiling, in lieu of an answer, each Defendant with will have all Rule 12(B) defenses upon motion available. Thus, as to the legal prejudice, each Defendant would have more defenses, not fewer, available upon a prospective refiling. This notwithstanding, the fact that no summary judgment motion has been filed (indeed, no motion on the merits whatsoever), this factor weighs unequivocally entirely in the favor of Plaintiff.

Next, Defendants with one fell swoop dismiss or cast aside as insignificant and out of hand Plaintiff's explanation for dismissal ought not to be countenanced by this Court. Plaintiff's reason for seeking dismissal without prejudice is his inability sufficiently and properly to consult with counsel as a consequence of his being incarcerated. It is unequivocally the duty of counsel, under the Ohio Rules of Professional Conduct, reasonably and sufficiently to communicate with his or her client. See Ohio R. Prof. Cond. 1.4. Among other things, a lawyer is duty bound to "reasonably consult the client about the means by which the client's objectives are to be accomplished." Ohio R. Prof. Cond. 1.4(A)(2). The comments of the Rules further exemplify why access to the client is important and necessary: "The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued,…" Comment 5 to Ohio R. Prof. Cond. 1.4. Further, "in litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult a client on tactics that are likely to result in significant expense…" *Id*. "The guiding principle is that the lawyer should fulfill reasonable client

3

expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the character of representation." *Id*.

Given counsel's duties and reasonable expectations of the client, because of Plaintiff's incarceration, as undersigned counsel has indicated in Plaintiff's motion, consultation, advice, and preparation for litigation going forward, whether on deposition, other matters related to discovery or, eventually, trial, has proved sufficiently difficult so as to hamstring the representation. How Defendants can, in good faith, claim that the difficulties of communication between attorney and client to such that legal advice and consultation is impeded is somehow an explanation insufficient under Rule 41(a)(2) is, first, difficult to imagine, and, second, not in any real way argued or otherwise asserted. Instead, Defendants argue only that counsel "took on the burdens of this litigation knowing that Mr. Carner would [was incarcerated and] would not likely be released until November 2016." (See Def. Brief at 2). Defendants' contention does not show that Plaintiff's explanation is "insufficient" under Rule 41(a)(2); rather, their contention that this is "nonsensical" goes to not the reason, but rather the credibility of undersigned counsel's assertion. Defendants can simply choose not to believe the reasons; however, the fact nonetheless remains, as argued in Plaintiff's motion, that there has been insufficient ability to consult, prepare, advise on the substance of the litigation. Hardly nonsensical, it goes to the heart of what is required for a client to have adequate representation.

It bears noting that each of the *Grover* factors are assessed in order to determine whether the Defendant will suffer substantial legal prejudice. Courts have found that forum shopping, as a reason for seeking dismissal without prejudice, is sufficient: "… Plaintiff's explanation for voluntary dismissal is sufficient. Her desire to litigate her claim to the state forum is of obvious annoyance to the defendants, but an annoyance to defendants is not a the legal basis for proving

4

plain legal prejudice." *Wakefield v. Children's Hosp., Inc.*, Case No. 6-01034, 2009 U.S. Dist. LEXIS 22567,*5 (S.D. Ohio 2009). *See* also *Luckey v. Butler* County, Case No. 5-CV-388, 2006 U.S. Dist. LEXIS 3361,*11 (S.D. Ohio 2006) (where the District Court granted a motion to dismiss without prejudice where the need for dismissal was nothing other than the plaintiff's "newfound tactical preference for a state forum."); *Harper v. Muskingum*, Case No. 14-CV-2539, 2015 U.S. Dist. LEXIS 58308, *8 (S.D. Ohio 2015). Even lack of funds to continue with litigation has been found to be a sufficient explanation. *Univ. Est., Inc. v. Athens*, 2011 U.S. Dist. LEXIS 53414, *6-7 (S.D. Ohio 2011). Where forum shopping, countenancing Plaintiff's mere desire to change legal venue for tactical reasons and inadequate funds constitute sufficient explanations, it is hard to imagine that inability to sufficiently consult on pressing legal matters and advising thereon would not constitute a sufficient explanation.

Defendants' reference to *Barnes-De-Laxtera v. San Jorge Children's Hosp.*, 62 F. Supp.3d 212 (D. Puerto Rico 2014) is unavailing. First, in *Barnes*, the court made a clear and distinct factual finding: "the record makes clear… that [the movant's] reason for taking a dismissal is to avoid being deposed." *Id.*, at 217. Moreover, in *Barnes*, the court had previously ordered that the movant's deposition be taken. *Id*. Thus, the court correctly found that the movant "cannot use Rule 41(A)(2) to circumvent this court's previous rulings." *Id*. Also, the facts in *Barnes* makes that case further inapposite. In *Barnes*, "[the movant] 'recognizes that defendants… have invested a considerable amount of time in defending and trying this case.'" *Id.*, at 216. Further, the defendants had "aggressively litigated this action for over three years,"…and "participated in numerous depositions; attended several discovery and status conferences; and submitted memoranda, including a motion to dismiss for want of prosecution." *Id.* Similarly, the court had already found that "[the movant] displayed in intransigent approach

to discovery, which, for the last year, has provoked unwarranted delays." *Id*., at 217. In *Barnes*, the court admonished the movant "for failing to comply with its orders but gave her one last chance to make things right," ordering that the movant's deposition take place by a specified date. *Id*. Thus, in *Barnes*, there was a bevy of factors, all militating in favor of the defendant, which informed the court to deny a motion to dismiss with prejudice. Unlike *Barnes*, nothing approaching such misconduct exists here. To that end, *Barnes* is simply inapposite.

Next, Defendants' contentions that Plaintiff has not been diligently pursuing this case is, put generously, a misguided obfuscation. First, the standard under *Grover*, is whether there is *excessive* delay and lack of diligence on the part of Plaintiff in prosecuting the action. Defendant argues that initial disclosures were served 49 days after the due date. Defendant fails to mention, however, that it consented to an extension for much of that supposedly delayed period, specifically, until May 1, 2015. See Ex. 1, separate emails from Attorney Dinehart and Attorney Cortes, agreeing that Plaintiff shall have until May 1 to serve initial disclosures. A suggestion, then, that Plaintiff was delinquent by 49 days, when the Defendants, in fact, agreed to provide more time is, most genuinely, disingenuous. In fact, the reason Plaintiff needed the extension was very specifically:

> I have been out of the office since March 24 and will be through April 8 on matters concerning the delivery of our first child. I will be starting a week-long trial on April 20 and we tied down with trial preparation immediately upon my return.

See Ex. 1.

To suggest that the extension was not consented to or agreed upon or otherwise in any way not justified is patently false. In any event, as noted by the *Wakefield* court, these types of time extensions and delays do not amount to excessive delay or lack of diligence sufficient to deny a motion to dismiss without prejudice under Rule 41(a)(2):

6

> Defendants note that Plaintiff has requested time extensions and postponed the preliminary pretrial conference. Defendants, however, fail to note that they did not oppose Plaintiff's request to postpone the first pretrial conference and requests for extension of time. Moreover, it is not uncommon for parties to request time extensions or delay certain pretrial meetings due to unforeseen circumstances. These requests do not amount to a lack of diligence on behalf of Plaintiff in pursuing his case.

*Luckey*, 2009 U.S. Dist. LEXIS 22567,*5-6.[1]

Next, Defendants argue, in service of denying the motion to dismiss without prejudice, that because they represented that certain Defendants (Terry Shoulders and Landrau) were not on duty, that their dismissal early on in the case was required. Not dismissing them, Defendants claim, amounts to, somehow, excessive delay and lack of diligence. This defies logic, let alone, counsel's duty to diligently and fully represent his client.

Counsel for Plaintiff reviewed Defendants' contentions, had a telephone conference on May 7, 2015 (see Exhibit 2), discussed a tolling agreement, drafted a tolling agreement and presented it to Defendant's counsel in an attempt, in good faith, to resolve a very specific litigation issue that arose in the course of a case, namely involvement of Defendants Terry Shoulders and Landrau. A tolling agreement was delivered along with the initial disclosures, on May 19, 2015. (See Ex. 1). Toward the end of May, Defendants' counsel responded that his clients were considering the proposal and presented an extension of the case management schedule, particularly discovery. (See Ex. 3, May 28, 2015 email from A. Cortes).

The tolling agreement, in conjunction with a prospective motion the amend complaint, essentially offered a dismissal without prejudice as to these Defendants and a tolling agreement, preserved Plaintiff's ability to refile against them in the event that discovery, whether document

---

[1] As noted by Defendants, Plaintiff's disclosures were served on May 19. How any delay of 19 days amount to lack of diligence or excessive delay remains without explanation. In fact, Defendants served discovery requests in June 2015 and raised the issue of Plaintiff's deposition in September 2015. The 19 days on initial disclosures was not excessive; nor did it delay the case at all.

7

discovery or depositions, demonstrated their involvement in any of the assaults on Plaintiff. Defendants did not consent and, Plaintiff moved to amend the complaint, removing these Defendants as parties, and including others who Plaintiff believed in good faith were involved in the assault on Plaintiff. The amended complaint motion was filed on June 8, 2015, within one week of learning that the Defendants would not consent to the tolling agreement. This Court issued its decision on Plaintiff's Amended Complaint Motion on September 9, 2015.

In the interim, at Defendants' request, the parties discussed at length extending the discovery schedule as well as moving the settlement conference. Upon reaching an agreement, the parties filed a joint motion on June 17, 2015, to extend discovery until December 2015. (See ECF 19).

The facts, even upon the slightest of scrutiny, demonstrate that there was no delay or lack of diligence, let alone excessive delay, occasioned by Plaintiff. Instead, until the most recent opposition to Plaintiff's Motion to Dismiss Without Prejudice, the parties had been fully cooperating. In fact, because of Defendants' counsel's litigation schedule, he requested and received a one-month extension, from July 15, 2015 to August 15, 2015, to produce responsive documents to Plaintiff's discovery requests. (See Ex. 4, email exchanges between A. Paul and A. Cortes). Thus, there have been no excessive delays nor any lack of diligence on Plaintiff's part. However one may characterize the progress of this case, all matters impacting on that progress were agreed upon by counsel. Thus, Defendants can hardly, in good faith, claim that it was Plaintiff that somehow exhibited lack of diligence and excessive delay. The contrary is true: as to everything that was material, the parties agreed.

Less than four weeks after this Court ruled on Plaintiff's Amended Complaint motion, Plaintiff decided to dismiss his claim and filed a Rule 41 notice of dismissal on October 6, 2015.

Defendants then objected, rightfully noting that a unilateral dismissal was no longer available and, thereon, this Court properly struck the dismissal on October 14, 2015. Immediately thereafter, on October 15, 2015, Plaintiff filed his motion to dismiss without prejudice under Fed. R. 41(a)(2).

A full review of the docket and the progress of this case demonstrates that there has been no excessive delay. There has been no lack of diligence on Plaintiff's part in pursuing his claims. At every turn, Plaintiff had diligently participated, whether attending and participating in court-ordered conferences, serving timely discovery, responding timely to discovery, cooperating with counsel to alleviate motion practice, particularly with respect to discovery and other deadlines, and, when the parties could not agree, diligently seeking to protect Plaintiff's rights, in particular, by way of a motion to amend to include proper parties. Moreover, Plaintiff has not been in violation of any order whatsoever. Nor have Defendants sought any relief for any purported delinquency or misconduct on Plaintiff's part. Only now, upon Plaintiff's motion to dismiss without prejudice, have the Defendants, for the first time, claimed that Plaintiff was somehow delinquent or not diligent in pursuing his claim or manufacturing excessive delay in the progress of this case. The claim would be befuddling, but for the fact that they have no choice but to grasp at straws to try to manufacture some defense or reason to oppose Plaintiff's Rule 41(a)(2) motion. Whatever the assertions upon their opposition, a reasonable review of the record demonstrates that there has been no delay occasioned by the Plaintiff, let alone excessive delay or lack of diligence in pursuing the case to warrant a denial of a motion to dismiss without prejudice.

Next, while the case has been pending, the expense and effort put in by Defendants is, proportionately, minimal. First, here has been no substantive motion on the merits. There has

been no dispositive motion. There has been no trial order. There has been no preparation for trial. Rather, the work of counsel for on the one hand Defendant Shoulders and on the other Defendant City of Cleveland, Williams, McGrath and Flask have been virtually nil. There has been one objection to Plaintiff's notice of dismissal, one appearance in person for pretrial and another for a telephone conference. While Defendants Terry Shoulders and Elliott Landrau have had to conduct slightly more work, in responding to a motion to amend the complaint, it does not rise to such a level to weigh in their favor in assessing a motion to dismiss without prejudice.

As to discovery, the parties have produced documents, but no depositions of been taken. Importantly, however, the vast majority of the work conducted by Defendants and/or their counsel would be applicable to any prospective refiled case. That is, it is not work in vain nor is it work that needs to be repeated. For example, if the case were to be refiled, some of the initial discovery legwork, particularly production of responsive documents, is apparently largely complete. To the extent that discovery would need to be supplemented or additional discovery needed, it would have been so whether in this case or in any refiled case. See *Chrissos v. Giant Eagle*, Case No. 03-CV-422, 2006 U.S. Dist. LEXIS 63934,*8-9 (S.D. Ohio 2006) ("no trial has commenced, and there is no indication that any of the work performed by counsel for Giant Eagle would have to be replicated were the case to be refiled. All of the discovery taken should be applicable to the case if it were refiled."); See also *Wakefield*, supra at *8-9 ("… Discovery from the federal litigation could be and should be used in the subsequent state court litigation). This is significant as any and all discovery done to date would be necessarily applicable to any refiled litigation and, as such, Defendants need not re-create the wheel.

Moreover, it bears noting that all the claimed effort and expense parlayed in service of denying Plaintiff's motion to dismiss without prejudice has been proffered on behalf of counsel

for Defendants Terry Shoulders and Landrau, not Defendant Thomas Shoulders, The City of Cleveland, Defendant Williams, Defendant McGrath or Defendant Flask. Thus, to any extent that this factor weighs in any part in favor of Defendants, it should only inure to the benefit of Defendants Terry Shoulders and Defendant Landrau, not the other Defendants. Stated otherwise, effort and expense for Defendants, Thomas Shoulders, the City of Cleveland, Defendant Williams, Defendant McGrath and Defendant Flask is virtually nil.

With respect to the factor concerning Defendants' effort, time and expense, every case requires some such effort, time and expense. That alone is not dispositive. As noted recently by the Southern District, time, effort and expense is largely immaterial absent some legal harm:

> In regard to the first factor, the Court recognizes that Defendants have naturally invested time and effort in litigating this action, some of it considerable. Defendants' argument that dismissal on Plaintiff's terms would be prejudicial because of the time, effort, and expenses they have invested therefore weighs against a dismissal without prejudice. This does not prove dispositive, however, given that courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. See *B & J Mfg. Co. v. D.A. Frost Indus., Inc.,* 106 F.R.D. 351, 353 (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc*., 92 F.R.D. 459, 461 (S.D.N.Y. 1981))). Rather, although the Court is cognizant of Defendants' interests, the Court is also concerned with whether potential legal harm to Defendants exists. See *LeCompte v. Mr. Chip, Inc*., 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" (citation omitted)).

*University Estates, Inc. v. City of Athens*,*5-6 (S.D. Ohio 2011)

Absent a dispositive motions, preparation for trial, discovery disputes or anything that would otherwise evidence some significant time, effort and expense on Defendants' part (and they barely even endeavor to offer any such demonstration), this factor, namely the effort and expense put forth by the Defendants, also weighs in Plaintiff's favor.

The inquiry ultimately concerns whether Defendants will suffer substantial legal prejudice on account of the dismissal without prejudice. That is plainly not the case here. There has been no disposition, in part or in whole, on any portion of the merits of this case in Defendants' favor. Defendants have not sought any such disposition, in part or in whole, on any of the merits in their favor. The discovery adduced in this case would be applicable and pertinent in any refiled litigation, if in fact, there is any. Defendants' only asserted prejudice is that there are certain particular "stressors" unique to this case that justify denying a dismissal without prejudice. Those contentions largely concerned that this is a Section 1983 claim with supposed inflammatory allegations against an otherwise reputable set of officers and The City of Cleveland Division of Police. Under Defendants' logic no Section 1983 litigation could be dismissed without prejudice.

Regardless of Defendants' descriptors, "stressors" or otherwise, the argument in its essence is that they ought not to be subject to a refiled litigation. Courts in the Sixth Circuit resoundingly hold to the contrary. "The prospect of litigating a second lawsuit, in itself, does not make dismissal under Rule 41(a)(2) improper per se. *Wakefield v. Children's Hosp., Inc*., Case No. 06-CV-1034, 2000 U.S. Dist. LEXIS 22567,*3-4 (S.D. Ohio 2009); see also *Luckey*, supra,*10; *Grover*, supra at 718. "While Defendant would potentially suffer a modicum of prejudice from having to respond to a new complaint in the future, this prejudice does not constitute plain legal prejudice. The prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss." *Fajfar v. Cleveland Electric Illuminating Co*., Case No. 11-CV-2524, 2012 U.S. Dist. LEXIS 40496,*10 (N.D. Ohio 2012).

Accordingly, as each of the *Grover* factors weigh individually and collectively in Plaintiff's favor and as granting Plaintiff's Motion to Dismiss this case without prejudice does not

wield any prejudice, let alone any substantial legal prejudice or legal harm upon any of the Defendants, this Court should grant Plaintiff's motion and issue an order dismissing the above-captioned matter without prejudice.

                                      Respectfully submitted,

                                      s/ Aparesh Paul
                                      Joel Levin          (0010671)
                                      Aparesh Paul     (0077119)
                                      Mark M. Mikhaiel  (0091656)
                                      LEVIN & ASSOCIATES CO., L.P.A.
                                      1301 East 9th Street
                                      Suite 1100, Tower at Erieview
                                      Cleveland, Ohio 44114
                                      (216) 928-0600 – Tel.
                                      (216) 928-0016 – Fax
                                      jl@levinandassociates.com
                                      ap@levinandassociates.com
                                      mm@levinandassociates.com

                                      Attorneys for Plaintiff

## **SERVICE**

     The Plaintiff's Reply in Support of Motion to Dismiss Complaint Without Prejudice was filed electronically on this 5th day of November 2015. Notice of this filing will be sent via the Court's Electronic Filing System. Parties may access this filing through the Court's system.

                                      /s/ Aparesh Paul
                                      Aparesh Paul              (0077119)
                                      One of the Attorneys for Plaintiff