UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK T. CARNER, | ) | CASE NO.1:14CV2820 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, ET AL., | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |

<u>CHRISTOPHER A. BOYKO, J:</u>

This matter is before the Court on Plaintiff Patrick T. Carner's Motion to Dismiss Complaint Without Prejudice (ECF # 29). For the following reasons, the Court grants the Motion, with conditions.

On or about November 25, 2014, Plaintiff filed his Complaint in Cuyahoga County Court of Common Pleas against the City of Cleveland, Officers Terry and Thomas Shoulders, Detective Elliot Landrau, former Chief of Police Michael McGrath, current Chief of Police Calvin Williams and Safety Director Martin Flask. The Complaint alleged 42 U.S.C. § 1983 claims for use of excessive force, Equal Protection clause violations, failure to train and/or supervise and *Monell* claims. The Plaintiff further alleged a state law claim for negligent, reckless and/or intentional retention.

According to the Complaint, on November 29, 2012, Plaintiff was arrested without incident, was compliant in obeying all instructions, was handcuffed and placed in the back of a police car. Plaintiff had a cell phone on him that he used to call his mother from the back of the police car. Thereafter, Defendants proceeded to beat him and yelled racial epitaphs at him. Although his mother was not at home at the time, her phone messaging system captured some of the Defendants' invective.

On December 29, 2014, the case was removed to this Court and on February 27, 2015, the Court held a Case Management Conference, setting a non-expert discovery cut-off date of August 28, 2015 that was subsequently continued. On June 8, 2015, Plaintiff filed a Motion for Leave to Amend. According to Plaintiff, Defendants' initial disclosures revealed other actors may have played a role in the alleged assault on Plaintiff. These disclosures were served on Plaintiff on March 31, 2015. These revealed not only the new actors but also revealed that named Defendants Terry Shoulders and Elliot Landrau were not likely participants. Therefore, Plaintiff moved for Leave to File a First Amended Complaint, adding the newly identified participants while removing Defendants Terry Shoulders and Elliot Landrau. Plaintiff also sought to add a new claim for failure to intervene.

Defendant City of Cleveland filed a partial opposition to Plaintiff's Motion, opposing Plaintiff's naming new defendants and adding a new claim. Defendant did not oppose removing Defendants Terry Shoulders and Elliot Landrau. The Court denied, in part, the Motion to Amend, allowing the removal of Shoulders and Landrau but denied adding new Defendants and a new claim. Shortly thereafter, Plaintiff filed a Notice of Dismissal Without Prejudice, which Defendants opposed. The Court struck the Notice because Defendants had filed an Answer and

Fed. R. Civ. P 41 does not permit voluntary dismissal without Court approval once an Answer or Motion for Summary Judgment has been filed.  Now Plaintiff moves to dismiss the action without prejudice.  According to Plaintiff's counsel, Plaintiff is incarcerated, making it difficult to confer on litigation issues and discovery.

Defendants oppose the Motion, contending they will be prejudiced by a dismissal. According to Defendants, the accusations are of such an inflammatory nature that Defendants need to clear their names and any delay causes further damage to their reputations.  Also, Defendants contend Plaintiff was incarcerated at the time he filed suit, therefore, Plaintiff's argument fails because the communication difficulties were present at the inception of the case.

Dismissal with Court approval is governed by Fed R. Civ. P.  41(a)(2) which reads:

> (2) By Order of Court. Except as provided in paragraph (1) ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The decision to dismiss under Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974).  "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment."  *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994).  "Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id*., citing  *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947).

"In determining whether a defendant will suffer plain legal prejudice, a court should

consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover,* 33 F.3d at 718.

      Defendants contend Plaintiff has caused excessive delay by failing to timely deliver initial disclosures, failing to timely dismiss Defendants after evidence showed they were not present at the incident and Plaintiff has failed to respond to attempts to schedule Plaintiff's deposition. Given the inflammatory allegations in the Complaint and the stressors on Defendants due to this ongoing litigation, Defendants ask that the Court to deny Plaintiff's Motion.

      In considering the factors as outlined in *Grover,* the Court finds Defendants will not suffer plain legal prejudice if the Court grants Plaintiff's Motion. The case was filed on November 25, 2014. Discovery cut off was November 23, 2015. No summary judgment motion has been filed and no trial has been set. No trial preparation has begun. Therefore, the procedural posture of the case does not support a finding that Defendants will suffer plain legal prejudice.

      Plaintiff's explanation that his incarceration hampers his ability to prosecute the action rings hollow as Defendants correctly point out that Plaintiff was incarcerated at the time the case was filed. Moreover, Plaintiff has delayed the proceedings unnecessarily and the accusations against Defendants are serious. However, these delays were not overly extensive and since discovery is closed, should the case be refiled it can be moved expeditiously to summary judgment and trial and any prejudice arising from duplication of expenses can be minimized.

Therefore, the Court grants the Motion to Dismiss Without Prejudice. However, the Court orders that if Plaintiff refiles the action, Plaintiff shall pay the reasonable attorney's fees and costs incurred by Defendants up to the date of dismissal.

Therefore, for the foregoing reasons, the Court dismisses the above-captioned case without prejudice.

IT IS SO ORDERED.

                                                            s/ Christopher A. Boyko
                                                            CHRISTOPHER A. BOYKO
                                                            United States District Judge

Dated: November 24, 2015